Case Report # 4973

Morton County SO

Exhibit: 2

Owner Applied Number
Finish
Condition
Identifying Marks
Recovered Date
Owner
Disposition
Evidence Tag

Bicycle Make
Bicycle Model
Bicycle Speed
Bicycle Wheel Size
Color

Boat Name
Boat Type
HIN
Hull Shape
Propulsion
Boat Length

Color Type        Color

Vehicle Type
Vehicle Year
Odometer Reading
Body Style
License Number        163WTA
License Exp. Date
License State

Drug Type
Drug Quantity
Drug Measure

Notes

## Narrative

7/11/2017 6:02:06 PM        4973  ELLEFSON JAMES P

On July 10, 2017 at approximately 01:15 hours I was contacted by task force Officer Bjorndahl in regards to a possible vehicle transporting illegal narcotics.

I responded to an area of interest and have negative contact with a vehicle described by Officer Bjorndahl.

At approximately 03:45 hours, Officer Bjorndahl advised that he had located the vehicle sitting in the Midway Bowling Alley's parking lot. Officer Bjorndahl indicated the vehicle was occupied and requested me to conduct a welfare check on the vehicle. The vehicle was displaying Minnesota license plate 163WTA.

Deputy Moll and I located the vehicle parked inside the parking lot and initiated a casual encounter with it's occupants. The individual sitting in the driver's seat was identified as Laron Young by his Minnesota driver's license. Laron became immediately defensive with the contact and asked multiple times if he did something illegal. I informed Laron no but explained that I was just doing a check on him. The front passenger refused to make verbal conversation and wouldn't identify himself. The contact resulted in Laron rolling his window up while trying to speak with him.

While Laron rolled his front side window up, I noted the front windows were extremely dark and well below the required 50% per ND century code 39-21-39(4).

After the contact was made, I contacted Officer Bjorndahl explaining how it went. It was determined that if the vehicle

Printed 7/24/2017 1:18 PM

Page 2 of 4

## Case Report

drives away, it would be stopped due to the tint violation.

At approximately 07:15 hours, I observed both occupants exit the vehicle. The occupant on the passenger side placed something dark colored inside the trunk and returned to the front passenger seat.

A short time later, the vehicle proceeded to leave the parking lot and began traveling eastbound on Memorial HWY.

I followed after the vehicle and initiated a traffic stop on the vehicle for the tint violation near the junction of Action Drive and Memorial HWY.

Once the vehicle came to a halt, I approached and explained the reason for the traffic stop. The driver, Laron Young, understood the reason for the traffic stop. While talking to Laron about why he was sitting in the parking lot all night he became defensive and very animated. At one point, Laron dropped an item onto the floor.

Because Laron's behaviors, I requested him to exit the vehicle and stand in front of my patrol car. Before writing the written warning for the window tint, I requested Laron if he would consent to a vehicle search. Laron advised he wouldn't.

I then explained to Laron that I was going to deploy a K9 around the vehicle and do a free sniff. Laron again became argumentative about the entire stop.

Once the unidentified passenger exited the vehicle with the assistance of other officer's, I deployed K9 Gabber around the exterior of the vehicle working counterclockwise.

K9 Gabber did not alert to an illegal narcotic he is trained in.

This information was passed onto Officer Bjorndahl.

I remained on scene and observed Officer's involved with the task force complete a vehicle search which was based off their own investigation.

During the search, I observed multiple pills being removed from the trunk portion and a stolen handgun was also located under the hood. I was informed an empty plastic bottle with the odor of marijuana was also located inside the vehicle.

The front driver's side window was checked with a tint meter. The tint meter read just under 20%.

I cleared the scene a short time later.

Information only.

## Evidence Checklist

Additional Evidence Items?

Video Recording
In-Car Video
Surveillance

Interview Room
Other Recording

Printed 7/24/2017 1:18 PM